■ ANTHONY T. TOTERO et al., Appellants, v. ALFRED H. TAMARIN et al., Defendants, and JOSEPH SCHEINBERG et al., Respondents.— Judgment dismissing the complaint, entered September 16, 1963 and orders entered respectively on August 21, 1963 and September 9, 1963, unanimously affirmed, with costs. On any view, plaintiffs have failed once again to specify with sufficient particularity the offending statements upon which they purport to rely. Moreover, the pleading is verbose, argumentative and obfuscating. Consequently, it is not necessary to reach the difficult and interesting problems which may be barely discerned in this confused pleading. Concur — Botein, P. J., Breitel, Valente, Stevens and Eager, JJ.

■ In the Matter of ANITA KLEMAS, Appellant, v. MILTON KLEMAS, Respondent.— Order, entered on July 12, 1963, unanimously affirmed, without costs and without prejudice to the petitioner applying for an increased allowance for the support of the child. Concur — Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ.

■ PETER REILLY, Respondent, v. OTIS ELEVATOR COMPANY, Defendant, and S. S. SILBERBLATT, INCORPORATED, Appellant.— Order, entered on October 1, 1963, denying the motion of defendant S. S. Silberblatt, Incorporated, to dismiss the complaint for failure of prosecution, unanimously reversed, on the law, on the facts and in the exercise of discretion, with $20 costs and disbursements to defendant-appellant, and the motion granted, with $10 costs. The accident occurred August 3, 1960; action commenced November 30, 1960; issue joined February 1, 1961; bill of particulars demanded February 1, 1961 and not served until November 13, 1961; examinations before trial were held and completed June 28, 1962; and nothing further was done to prosecute the action until the instant motion to dismiss was made returnable August 27, 1963, more than a year after the examinations had been completed. The alleged excuse that the examinations before trial were not returned to plaintiff's attorney for a considerable period of time is not borne out by the record and the vague allegations with reference to settlement negotiations do not constitute a reasonable excuse for the delay. Plaintiff's willingness to transfer the action to the Civil Court was prompted by defendant-appellant's motion to dismiss and does not constitute a valid excuse for the delay. (See *Sortino* v. *Fisher*, 20 A D 2d 25.) Concur — Breitel, J. P., Rabin, Valente, McNally and Steuer, JJ.

■ EMANUEL CASCONE, Respondent, v. MCALLISTER LIGHTERAGE LINE, INC., Appellant.— Order, entered on September 16, 1963, granting plaintiff's motion to transfer the action to the Civil Court of the City of New York and denying defendant's cross motion to dismiss personal injury negligence action for failure to prosecute, unanimously reversed, on the law, the facts, and in the exercise of discretion, with $20 costs and disbursements to appellant, the motion denied, and the cross motion to dismiss granted, with $10 costs to defendant-appellant (see *Sortino* v. *Fisher*, 20 A D 2d 25). Concur — Breitel, J. P., Rabin, Valente, McNally and Steuer, JJ.